**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**
*Norfolk Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No. 2:16cr61 |
| | ) | |
| **KENNETH RAY MATTHEWS** | ) | |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

In accordance with Section 6A1.2 of the <u>Sentencing Guidelines and Policy Statements</u> and this Court's policy regarding guidelines sentencing, the government hereby represents that it has reviewed the Probation Officer's presentence report ("PSR") prepared in this matter, and that it does not dispute any of the factors or facts set out therein.

**The Defendant's Objection**

The defendant objects to paragraph 45 of the presentence report. The government stands by the information set forth in this paragraph. Kenneth Ray Meeks, the defendant's son who testified at trial in this case, is the source of this information. The trial jury, by their verdicts in this case, determined Meeks to be credible. Further, the information in paragraph 45 has no impact on the application of the defendant's guidelines. The Court should overrule the defendant's objection.

**The Sentence**

Following *United States v. Booker*, 543 U.S. 220, 235 (2005) and *United States v. Hughes*, 396 F.3d 374, 379-81 (4th Cir. 2005) "district courts must (1) properly calculate the sentence range recommended by the Sentencing Guidelines; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in § 3553(a) and, if not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the

reasons for selecting the particular sentence, especially explaining why a sentence outside of the Sentencing Guidelines range better serves the relevant sentencing purposes set forth in § 3553(a)." *United States v. Green*, 436 F.3d 449, 455-56 (4th Cir.) (footnote omitted) (*citing United States v. Hughes*, 401 F.3d 540, 546), *cert. denied*, 547 U.S. 1156 (2006); *accord United States v. Raby*, 575 F.3d 376, 380-82 (4th Cir. 2009); *United States v. Evans*, 526 F.3d 155, 162-64 (4th Cir.), *cert. denied*, 555 U.S. 977 (2008); *United States v. Hernandez-Villanueva*, 473 F.3d 118, 122-24 (4th Cir. 2007); *United States v. Eura*, 440 F.3d 625, 632 (4th Cir. 2006); and *United States v. Moreland*, 437 F.3d 424, 432-33 (4th Cir.), *cert. denied*, 547 U.S. 1142 (2006).

The factors which may now be considered in fashioning a "reasonable" sentence, almost on an equal footing with the "advisory" Guidelines, are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available ...

[paragraphs (4) and (5) refer to the Sentencing Guidelines]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). *Accord Moreland*, 437 F.3d at 433-34; and *Green*, 436 F.3d at 455.

The trial jury found the defendant guilty of conspiring to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B) (Count One); possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Two); and, transferring a firearm to a felon, in violation of 18 U.S.C. §§ 922(d) and 924(a)(2) (Count Four).

Consistent with the Jury's verdicts, the defendant faces a maximum sentence of forty (40) years' imprisonment, at least four (4) years of supervised release and a maximum fine of $5,000,000 under Count One of the Indictment. The defendant faces a maximum sentence of twenty (20) years' imprisonment, at least three (3) years of supervised release and a maximum fine of $1,000,000 under Count Two. Under Count Four, the defendant faces a maximum sentence of ten (10) years' imprisonment, not more than three (3) years of supervised release and a maximum fine of $250,000. The Probation Officer has properly calculated the defendant's guidelines at 121–151 months' imprisonment and the defendant has not objected to the application of the guidelines.

A within-guidelines sentence is appropriate in this case. Although the offense conduct in this case commenced with the formation of the conspiracy between the defendant and his son, Kenneth Meeks, in November 2013, the defendant, by his own admission, has been dealing cocaine since 1994. Long before he and the defendant became co-conspirators in November 2013, the defendant had made Meeks aware that he was a cocaine dealer. The defendant began dealing cocaine with North Carolina "Rob" in 1994. According to Meeks, the defendant introduced North Carolina "Rob" to cocaine dealing. The defendant's lengthy history as a cocaine dealer is evidenced by his March 17, 1995 arrest in Portsmouth following a search of his residence by the police which yielded 90.5 grams of cocaine, heroin, 1.1 kilograms of marihuana, a 9mm pistol, a .38 caliber revolver and a rifle. The defendant admitted to the police that he and another individual had been selling cocaine since November 1994. Because the government permitted the defendant

to plead guilty to a violation of 18 U.S.C. § 924(c) only, the defendant benefitted from the Supreme Court's subsequent decision in *Bailey v. United States,* 516 U.S. 137 (1995).

Clearly, the defendant learned nothing from his arrest and conviction in his prior federal case. The defendant was released from custody in 1997 following his successful 28 U.S.C. § 2255 petition. The defendant further escaped any supervised release obligation. The defendant returned to drug dealing. The defendant's later decision to introduce his son, Kenneth Meeks, into his drug dealing activities proved to be a fateful misstep. In January 2014, Meeks identified a cocaine dealer, German Ponce, who could supply Meeks and the defendant with near-kilogram quantities of cocaine. The defendant and Meeks began buying cocaine from Ponce and this relationship continued until July 2014. Unbeknownst to the defendant, Meeks and Ponce, the DEA was conducting a wiretap of Ponce's cell phone in June and July of 2014. The wiretap, which proved successful, brought Meeks and the defendant to the attention of the authorities.

Between November 2013 and August 2015, the defendant and Meeks distributed a total of 13.5684 kilograms of cocaine. During this time, the defendant stored cocaine at his residence along with various drug paraphernalia, cash and firearms. Despite the lack of violence in the case, it is clear that firearms were always present and available to the defendant as he conducted his drug activities. On August 13, 2015, s search warrant executed at the defendant's Portsmouth residence yielded 17 grams of cocaine, 34 firearms, scales and approximately $30,000 in cash. At the time of the search, the defendant accused the authorities of unlawfully breaking into his house. Despite overwhelming evidence including the anticipated testimony of his co-conspirator son, the defendant elected to proceed to trial. To date, the defendant has not expressed any remorse for his conduct and the defendant's history demonstrates that he has no respect for the law.

The defendant's criminal history category is I but his criminal record is not insignificant. In 1993, the defendant was convicted of assault and battery against a police officer. Because of

its age, the defendant is not assessed criminal history points for this conviction. In a separate incident in 1993, the defendant was charged with malicious wounding of a 17 year-old which resulted in the defendant being convicted of assault and battery. In 2004, the defendant was convicted of assault and battery. This is the defendant's sole prior conviction for which criminal history points were assigned. The defendant also has several convictions for reckless driving, driving suspended and failing to appear.

As set forth in the PSR, the Guidelines recommend a sentence of 121-151 months' imprisonment. A sentence within the Guideline range would appropriately reflect "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1). The government submits that a sentence within the Guideline range is necessary to protect the public, afford adequate deterrence and to promote respect for the law. 18 U.S.C. § 3553(a)(2)(A), (B), (C).

## Conclusion

For the reasons stated, the United States therefore asks this Court to impose a sentence within the Guideline range of 121-151 months' imprisonment. The United States respectfully defers to the Court on the appropriate sentence within that range.

Respectfully Submitted,

Dana J. Boente
United States Attorney

By: _____/s/_____
Darryl J. Mitchell
VA Bar No. 37411
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Phone: (757) 441-6331
Facsimile: (757) 441-6689
Email: darryl.mitchell@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of January 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

James O. Broccoletti, Esq.
Zoby & Broccoletti
6663 Stoney Point South
Norfolk, VA 23502
Phone: (757) 466-0750
Fax: 757-466-5026
Email: james@zobybroccoletti.com

I certify that on this 19th day of January 2017, I caused a true and correct copy of the foregoing Position of the Government with Respect to Sentencing Factors to be sent to the following:

Karen R. Franklin
United States Probation Officer
827 Diligence Drive, Suite 210
Newport News, VA 23606
Karen_Franklin@vaep.uscourts.gov

/s/
Darryl J. Mitchell
Assistant United States Attorney
Virginia Bar No. 37411
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - darryl.mitchell@usdoj.gov