IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

v.  Criminal No.: 2:16cr00061

**KENNETH RAY MATTHEWS,**

       **Defendant.**

## POSITION OF THE DEFENDANT ON SENTENCING

COMES NOW the Defendant, Kenneth Ray Matthews, by counsel, in accordance with Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.2 of the Sentencing Guidelines and Policy Statements as well as this Court's Sentencing Order, and hereby represents that the Defendant has reviewed the Probation Office's Pre-Sentence Report and sets forth the following as his position on sentencing:

## OBJECTION TO THE PRE-SENTENCE REPORT

Mr. Matthews, through counsel, has previously offered the following objection to the Pre-Sentence Report.

1.    Mr. Matthews objects to Paragraph 45 of the presentence report insofar as it implies the Mr. Matthews has been involved with the distribution of cocaine continuously since 1994, which certainly is not the case.

## SECTION 3553 FACTORS

As the Supreme Court has long recognized, "it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). With the United States Sentencing Guidelines now rendered "advisory only," *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007), a district court has substantial discretion in fashioning a sentence appropriate to the individual circumstances of the defendant and the unique facts of the offense. While the Court must consider the guideline range in a case, "the Guidelines are not the only consideration." *Gall v. United States*, 128 S. Ct. 586, 597 (2007), *see also*, *Kimbrough*, 128 S. Ct. at 564 ("the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence").

Indeed, as mandated by Congress, the fundamental principle of sentencing is that a court *"shall impose a sentence sufficient, but not greater than necessary"* to meet specified sentencing goals, including the goal of just punishment. 18 U.S.C. § 3553. In determining the minimally sufficient sentence, §3553 directs sentencing courts to consider the following factors:

(1)   the nature and circumstances of the offense and the history and characteristics of Mr. Matthews;

(2)   the need for the sentence imposed;

    (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B)    to afford adequate deterrence to criminal conduct;

      (C)    to protect the public from further crimes of Mr. Matthews; and

      (D)    to provide Mr. Matthews with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentences and the sentencing range established for [the offense];

(5)    any pertinent policy issued by the Sentencing Commission;

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. Section 3553.

In addition, a district court "may not presume that the Guidelines range is reasonable," and instead "must make an individualized assessment based on the facts presented." *Gall*, 128 S. Ct. at 597. Moreover, the Supreme Court has specifically ruled that, in balancing the §3553(a) factors, a judge may determine that, "in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing." *Kimbrough*, 128 S. Ct. at 564. *See Rita v. United States*, 127 S. Ct. 2456, 2465 (2007) (a district court may consider arguments that "the Guidelines sentence itself fails properly to reflect §3553(a) considerations, or [that] the case warrants a different sentence regardless.")

Other statutes also give the district court direction in sentencing. For instance, under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following

limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to recognize that imprisonment is *not* an appropriate means of promoting correction and rehabilitation (emphasis added). In sum, in every case, a sentencing court must consider *all* of the § 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing.

### Nature and Circumstances of the Offense

Mr. Matthews was found guilty of one count of Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Cocaine in violation of 21 U.S.C. §§ 846, 841 (a)(1), and (b)(1)(B), one count of Possess with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C), and one count of Transfer of a Firearm to a Felon in violation of 18 U.S.C. §§ 922 (d) and 924 (a)(2). Mr. Matthews is attributed with 11.5272 kilograms of cocaine and 5.2 grams of Schedule III controlled substance.

### History and Characteristics of Mr. Matthews

Mr. Matthews sincerely hopes that the Court will glean from the letters written on his behalf, and especially those written by his wife and children, some sense of the type of man he is in his heart. He is the type of man that will do anything for a person in need. He is selfless and self-sacrificing. Mr. Matthews is a fantastic father to his children and a loving husband to his wife. As Ms. Franklin can attest, the mere mention of Mr. Matthews' family brings tears to his eyes. The pain and hardship that Mr. Matthews' family has endured and will continue to endure haunts him.

The Court must also consider Mr. Matthews role as a provider for his family. Mr. Matthews has always maintained employment. Most recently, Mr. Matthews worked as a rigger and safety officer for Mid-Atlantic Coatings, whom he had worked in one capacity or another since the early 1990's. In 2005, while working, Mr. Matthews was seriously injured as the result of a fall. The fall resulted in a broken back, among other injuries. Because of the severity of his injuries, Mr. Matthews has had several surgeries over the years and suffers constant pain in his back and legs as well as nerve damage.

Even after he was injured on the job, Mr. Matthews continued to work as a rigger. This is difficult and physically taxing work. Mr. Matthews did it because he knew he would never be hired by another employer given his physical condition and he needed to support his family. This speaks volumes about Mr. Matthews' true nature and type of person he aspires to be.

Mr. Matthews is a good man who loves his family and who wants nothing more than to return to them. He is a man who is worthy of the Court's mercy. Without Mr. Matthews, Mrs. Matthews is struggling to keep everything together both emotionally and financially. At this point she does not know how she is going to continue to support the family long term.

Mr. Matthews of course realizes that none of this entitles him to a free pass and he understands that he will not avoid punishment. He asks, however that the Court consider the punishment he and his family has already endured in mitigation of its sentence. While none of these factors are adequately accounted for in the guidelines calculations, they certainly weigh in favor of a below-guidelines sentence.

## The Need for the Sentence Imposed to Promote Respect for the Law, to Provide Just Punishment, to Afford Adequate Deterrence to Criminal Conduct, and to Protect the Public

Mr. Matthews does not dispute the seriousness of the offenses for which he has been convicted. Accordingly, he understands that he is facing a very long prison sentence. Mr. Matthews respects this Court and he respects the law and he implores the Court to consider that such a sentence in not necessary to deter him from future misconduct.

Mr. Matthews is 44 years old. With a guidelines sentence, he would be in his mid-fifties when he is released. He has taken stock of his situation and his prospects for the future. Whatever term of imprisonment is imposed upon him will have significant impact on him and each and every member of his family for the rest of their lives. His two youngest children have already lost their birth mother and they now face the prospect of navigating their teen years and entering adulthood without their father. Of all of the uncertainty and hardship that lays ahead, this fact pains Mr. Matthews the most.

Mr. Matthews realizes that he is truly at a crossroads in his life and he has no desire to grow old inside of a prison cell. He is dedicated to serving his debt to society, and then upon release, to rebuilding his life. He has shown the Court, during the many months he was on bond awaiting trial, that he is capable of conforming his conduct and following the rules set out by the Court and the probation department. He is adamant that once he is released he will be a model probationer and he will not do anything that would jeopardize his freedom.

All of these factors signify that there is virtually no likelihood that Mr. Matthews will re-offend. Under these circumstances, it is obvious that a below-guidelines sentence is a just punishment and is more than sufficient to deter future unlawful conduct and to protect the public.

### The Need to Provide Mr. Matthews with Educational or Vocational Training, Medical Care, or Other Correctional Treatment

Mr. Matthews was diagnosed with a learning disability when he was in elementary school and he was in special education classes as a result. This disability has impacted Mr. Matthews throughout his life as it hinders his ability to comprehend as well as to remember and recall events and information. This is especially true when it comes to written or verbal information and instruction. Mr. Matthews, however, has never used this as an excuse nor has he allowed it to limit him.

As noted above, despite the complications and ongoing pain he suffers as a result of breaking his back, Mr. Matthews has always maintained employment. He is a hard worker who is personable, dedicated, and loyal. Mr. Matthews is skilled in numerous trades and should have no problem finding employment. While he is incarcerated Mr. Matthews fully intends to pursue all of the vocational training opportunities available to him through the Bureau of Prisons. He intends to take these steps not only for personal fulfillment, but also as a means towards helping him re-enter the workforce upon his release. To this end, Mr. Matthews requests that this Court do everything in its power to see that he is placed in an appropriate facility.

In addition, Mr. Matthews is dependent on pain medications and will need ongoing treatment, most likely including surgery, for his back injuries. He asks that the

Court recommend that he be placed in a facility which is equipped to provide the appropriate treatment and preventative care.

### The Sentencing Range Established for the Offense

The Pre-sentence Report sets forth a total offense level of 32 and criminal history category of I. The resulting guideline range is 121-151 months. Considering all of the circumstances of this case, as well as the goals of sentencing, even a sentence at the low end of this range is far greater that necessary to fulfill the goals and mandates of § 3553. Accordingly, Mr. Matthews avers that a sentence well below 121 months is sufficient but not greater than necessary.

### CONCLUSION

For the reasons set forth above, the Defendant, Kenneth Ray Matthews, by counsel, respectfully submits that a sentence significantly below the low end of the range set forth by the advisory sentencing guidelines will accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553.

Respectfully submitted,

KENNETH RAY MATTHEWS
By Counsel

_____/s/_____
James O. Broccoletti, Esquire
VSB# 17869
Counsel for Kenneth Ray Matthews
ZOBY, BROCCOLETTI & NORMILE, P.C.
6663 Stoney Point South
Norfolk, VA 23502
(757) 466-0750
(757) 466-5026
james@zobybroccoletti.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of January, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Darryl J. Mitchell, Esquire
Assistant U.S. Attorney
*Office of the United States Attorney*
101 West Main Street, Suite 8000
Norfolk, VA 23510

                                                   /s/
                              James O. Broccoletti, Esquire
                              VSB# 17869
                              Counsel for Kenneth Ray Matthews
                              ZOBY, BROCCOLETTI & NORMILE, P.C.
                              6663 Stoney Point South
                              Norfolk, VA 23502
                              (757) 466-0750
                              (757) 466-5026

                         james@zobybroccoletti.com

I hereby certify that on the 19h day of January, 2017, I caused a true and correct copy of the foregoing to be mailed to the following non-filing user:

Leah D. Greathouse
U.S. Probation Officer
827 Diligence Drive, Suite 210
Newport News, VA 23606

                                                   /s/
                              James O. Broccoletti, Esquire
                              VSB# 17869
                              Counsel for Kenneth Ray Matthews
                              ZOBY, BROCCOLETTI & NORMILE, P.C.
                              6663 Stoney Point South
                              Norfolk, VA 23502
                              (757) 466-0750
                              (757) 466-5026
                              james@zobybroccoletti.com